1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
                                * * *
6                                    )
   ALLEN L. WISDOM,                  )
7                                    )
               Plaintiff,            )
8                                    )          3:06-CV-00094-PMP-RAM
    v.                               )
9                                    )
   STATE OF NEVADA, et al.,          )          ORDER
10                                   )
               Defendants.           )
11  _____)

12          Presently before the Court is Plaintiff's Motion for Voluntary Dismissal (Doc.

13  #233), filed on September 25, 2010.  Defendants filed a Response (Doc. #235) on

14  November 9, 2010.  Plaintiff filed a Reply (Doc. #236) on November 22, 2010.

15          Also before the Court is Defendants' Motion for Summary Judgment (Doc.

16  #239), filed on December 30, 2010 by Defendants ALPS Corporation; Attorneys Liability

17  Protection Society, Inc.; David R. Grundy (in his capacities as an individual and as a

18  director of ALPS Corporation and Attorneys Liability Protection Society, Inc.); Lemons,

19  Grundy & Eisenberg; Scott A. Glogovac; Gregory J. Livingston; Burton, Bartlett &

20  Glogovac; Estate of Phillip W. Bartlett; Ernest E. Adler; Kilpatrick, Johnson & Adler; and

21  Lorraine Fitch (collectively "ALPS Defendants").  Plaintiff did not file a response to

22  Defendants' Motion.  However, Plaintiff filed a Motion to Strike Defendants' Motion for

23  Summary Judgment (Doc. #249) on January 10, 2011.  Defendants filed a Response (Doc.

24  #250) on January 17, 2011.  Plaintiff filed a Reply (Doc. #252) on January 31, 2011.

25  ///

26  ///

I. BACKGROUND

In 1993, Plaintiff Allen Wisdom began a Chapter 7 bankruptcy proceeding in Reno, Nevada.[1]  (Defs.' Position Br. (Doc. #155).)  At the conclusion of his bankruptcy proceeding in 1999, Plaintiff filed a legal malpractice action in Nevada state court against the law firm that represented him in the bankruptcy proceeding.  (Id.)  The parties settled the malpractice action, referred to as Wisdom 1, in October 2001.  (Id., Ex. 1.)  In February 2004, Plaintiff filed a second lawsuit in Nevada state court, referred to as Wisdom 2. (Compl. (Doc. #4) ¶ 6 .)  The defendants in Wisdom 2 included Plaintiff's attorney from Wisdom 1, Jeffrey A. Dickerson ("Dickerson"), as well as various other individuals and entities involved in Wisdom 1, including: David R. Grundy ("Grundy"); Lemons, Grundy & Eisenberg ("LGE"); Attorneys Liability Protection Society ("ALPS"); ALPS, Inc.; Ernest Adler ("Adler"); Kilpatrick, Johnston & Adler ("KJA"); and John Anthony Fetto ("Fetto"). (Id.)

In Wisdom 2, Plaintiff asserted claims against Defendant Dickerson for legal malpractice, related claims, and conversion.  (Id. ¶ 7.)  Plaintiff asserted claims against Dickerson, Grundy, LGE, ALPS, Adler, KJA, and Fetto for civil conspiracy, fraud, violations of Civil Rights, and violations of Nevada Racketeer Influenced and Corrupt Organizations ("RICO")  statutes.  (Id.)

In May 2006, the Nevada trial court granted summary judgment to Defendants Adler and KJA in Wisdom 2.  (Defs. Position Br. (Doc. #155), Ex. 3.)  In June 2006, the Nevada trial court ordered the complaint stricken and dismissed the remainder of the case with prejudice due to Plaintiff's repeated failure to obey court orders, attend his own deposition, and produce discovery.  (Id., Ex. 4.)  Plaintiff appealed this decision to the

---

[1]  When ruling on a motion to dismiss, the Court may take judicial notice of matters of public record, including prior proceedings in state or federal court. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004).

Nevada Supreme Court, which affirmed both the summary judgment and dismissal of Plaintiff's claims against the remaining defendants in Wisdom 2 on February 11, 2008. (Id., Ex. 5.)

Prior to the dismissal of Wisdom 2, Plaintiff filed this action on February 17, 2006, against all of the Wisdom 2 Defendants as well as the State of Nevada; Connie Steinheimer ("Steinheimer"); Wesley Ayers ("Ayers"); Eugene Wait Jr. ("Wait"); Sharon Benson ("Benson"); the Wait Law Firm; the Estate of Phillip Bartlett ("Bartlett"); Scott Glogovac ("Glogovac"); Gregory Livingston ("Livingston"); Lorraine Fitch ("Fitch"); Western Surety Company; and Burton, Bartlett & Glogovac ("BBG").  Plaintiff's Complaint asserts eight claims for relief, claims two through seven being relevant to the ALPS Defendants.

This Court previously dismissed Plaintiff's claims against all Defendants on a variety of grounds.  (Order (Doc. #109).)  Plaintiff appealed the dismissal of his claims to the United States Court of Appeals for the Ninth Circuit.  The Court of Appeals reversed the dismissal and remanded the matter for further proceedings.  (Mem. (Doc. #143).)  Upon remand, this Court ruled that the previously ordered dismissals of Defendants State of Nevada, Steinheimer, Ayers, Wait, Benson, and the Wait Law Firm stood and dismissed these Defendants from this action.  (Order (Doc. #169).)  This Court further ordered that for the remaining Defendants, any of Plaintiff's claims based on conduct pre-dating the filing of Plaintiff's complaint in Wisdom 2 were barred by claim preclusion.  (Id.)  On September 8, 2010, this Court granted Defendant Dickerson's Motion to Dismiss and dismissed all causes of action against him.  (Order (Doc. #232).)

The ALPS Defendants served Plaintiff with discovery requests on September 13, 2010.  (Defs.' Interrogs. (Doc. #239), Ex. 18; Defs.' Resp. to Doc. Req. (Doc. #239), Ex. 19.)  By Order dated September 23, 2010, the Court directed Plaintiff to answer Defendants' Interrogatories by November 12, 2010.  (Order (Doc. #229).)  To date, Plaintiff

3

1   has not responded to any of the ALPS Defendants' discovery requests.

2        Plaintiff now moves to voluntarily dismiss the entire action.  Plaintiff states that

3   because parties necessary to the just adjudication of this action (i.e. State of Nevada,

4   Western Surety, Wait, Benson, Wait Law Firm, and Dickerson) have been dismissed by this

5   Court, it is more prudent to dismiss the entire action so that an appeal of the dismissals may

6   proceed and the entire action later can be litigated as one complete action.  The ALPS

7   Defendants oppose, stating that Plaintiff's dismissal is merely an attempt to get a fresh start

8   and new opportunity to bring his claims.

9        The ALPS Defendants move for summary judgment on Plaintiff's claims of civil

10  conspiracy; violation of civil rights pursuant to 42 U.S.C. § 1981, § 1983, § 1985, and §

11  1986; fraud; defamation; abuse of process; and violations of federal RICO statutes, stating

12  that Plaintiff has not provided any evidence establishing the necessary elements of his

13  claims.  Plaintiff did not file an opposition to the ALPS Defendants' Motion.  However,

14  Plaintiff has filed a Motion to Strike the ALPS Defendants' Motion on the grounds that it is

15  an unauthorized oversized brief and is an "attempt by Defendants to improperly escape

16  Plaintiff's pending Motion for Voluntary Dismissal."  Defendants oppose Plaintiff's Motion

17  to Strike arguing that the summary judgment motion is substantively meritorious and that

18  the Court granted Defendants leave to file an extended memorandum in support of its

19  summary judgment Motion on January 24, 2011.

20  **II. VOLUNTARY DISMISSAL**

21       After a defendant has answered a plaintiff's complaint, "an action may be

22  dismissed at the plaintiff's request only by court order, on terms that the court considers

23  proper."  Fed. R. Civ. P. 41(a)(2).  "A motion for voluntary dismissal under Rule 41(a)(2) is

24  addressed to the district court's sound discretion and the court's order will not be disturbed

25   unless the court has abused its discretion."  Westlands Water Dist. v. United States, 100

26  F.3d 94, 96 (9th Cir. 1996) (quotation omitted).

Here, the ALPS Defendants have filed an Answer to Plaintiff's Complaint. Therefore, dismissal can occur only by this Court's order. Plaintiff's argument that it is more efficient to dismiss this action, appeal the dismissals of Defendants State of Nevada, Western Surety, Wait, Benson, Wait Law Firm, and Dickerson, and then bring a new action against all Defendants presupposes that this Court's prior dismissals will be overturned. Additionally, Plaintiff's prudential argument fails. Judicial resources are not conserved by granting plaintiffs voluntary dismissals without prejudice to present an appeal every time they received an unfavorable ruling. Rather, plaintiffs must wait until the conclusion of their cases and a final appealable judgment to appeal to the Court of Appeals. Here, good cause does not exist to dismiss Plaintiff's Complaint without prejudice. Accordingly, Plaintiff's Motion for Voluntary Dismissal Without Prejudice is denied.

## III.  MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either upon its own imperative or on a motion made by either party. Plaintiff requests that the Court strike Defendants' Motion for Summary Judgment because it is an unauthorized oversized brief and because it is an attempt by Defendants to escape Plaintiff's pending Motion for Voluntary Dismissal. However, contemporaneously with filing its Motion for Summary Judgment, Defendants filed a Motion for Leave to File an Extended Brief. (Doc. #238.) The Court granted this motion on January 24, 2011. (Order (Doc. #251).) Additionally, Defendants' Motion for Summary Judgment is substantively meritorious and is not an attempt to escape Plaintiff's Motion for Voluntary Dismissal. Accordingly, Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment is denied.

## IV.  SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to

1  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2  56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing

3  law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is genuine if

4  "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

5  Id.  Where a party fails to offer evidence sufficient to establish an element essential to its

6  case, no genuine issue of material fact can exist, because "a complete failure of proof

7  concerning an essential element of the nonmoving party's case necessarily renders all other

8  facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

9         The party "seeking summary judgment bears the initial responsibility of informing

10  the district court of the basis for its motion, and identifying those portions of 'the

11  pleadings . . .' which it believes demonstrate the absence of a genuine issue of material

12  fact." Id. at 323 (quotation omitted).  The burden then shifts to the non-moving party to go

13  beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of

14  material fact for trial.  Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir.

15  2000).  The Court views all evidence in the light most favorable to the non-moving party.

16  County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

17         **A.  Count Two: Civil Conspiracy**

18         In Nevada, "'an actionable conspiracy consists of a combination of two or more

19  persons who, by some concerted action, intend to accomplish an unlawful objective for the

20  purpose of harming another, and damage results from the act or acts.'" Hilton Hotels Corp.

21  v. Butch Lewis Prods., Inc., 862 P.2d 1207, 1210 (Nev. 1993) (quoting Sutherland v. Gross,

22  772 P.2d 1287, 1290 (Nev. 1989)).  Further, "[t]o prevail in a civil conspiracy action, a

23  plaintiff has to prove an explicit or tacit agreement between the tortfeasors." GES, Inc. v.

24  Corbitt, 21 P.3d 11, 15 (Nev. 2001).  Use of a term such as conspiracy by itself is

25  insufficient to survive motion for summary judgment, but may be sufficient if accompanied

26  with specific allegations, such as identifying a written agreement giving rise to the

6

conspiracy or showing the conspirators "committed acts that are unlikely to have been undertaken without an agreement."  Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (quotation omitted).

In count two of his Complaint, Plaintiff alleges that the ALPS Defendants, along with other Defendants and employees of the State, conspired to violate Plaintiff's rights pursuant to the Americans with Disabilities Act; violate Plaintiff's constitutional and civil rights; commit fraud against Plaintiff; libel and defame Plaintiff; abuse process; and engage in a racketeering enterprise.  Defendants bear the initial burden of showing that there is no genuine issue of material fact.  To this end, Defendants state that Plaintiff has not presented any evidence regarding his claim.  Indeed, Plaintiff has not conducted any discovery. (Livingston Aff.  (Doc. #239), Ex. 1.)  Additionally Plaintiff has not responded to any of the ALPS Defendants' Interrogatories or Requests for Document Production.  (Id.)  Further, Defendant Dickerson served Interrogatory and Document Requests on Plaintiff and Plaintiff's response did not contain anything other than objections to Defendants' discovery requests.  (Pl.'s Resp. to Interrogs. (Doc. #239), Ex. 22; Pl.'s Resp. to Doc. Req. (Doc. #239), Ex. 23.)  The Court's record does not reveal any evidence submitted by Plaintiff. Despite several statements alleging a civil conspiracy in his complaint, Plaintiff fails to present any evidence regarding a combination of persons and their intent to accomplish an unlawful objective to harm plaintiff.  Accordingly, Plaintiff has not presented any evidence which raises a genuine issue of material fact as to the existence of a conspiracy.  The Court, therefore, will grant summary judgment to Defendants on the issue of civil conspiracy.

**B. Count Three: Violation of Civil Rights Act and Constitutional Rights**

In count three of his Complaint, Plaintiff alleges Defendants violated his civil rights pursuant to 42 U.S.C. § 1981, § 1983, § 1985(2) and (3), and § 1986.  Plaintiff also alleges he is entitled attorney's fees pursuant to 42 U.S.C. § 1988.

///

**1. Section 1981**

Section 1981 states, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as is enjoyed by white citizens." To support a claim under § 1981, plaintiffs must allege and prove facts indicating that the plaintiffs were discriminated against or denied such rights "on account of their race or ethnicity." Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1123 (9th Cir. 2008).

In the present case, Plaintiff does not allege or provide evidence of discrimination based on his race or ethnicity. Thus, there is no genuine issue of material fact in relation to § 1981. Therefore, the Court will grant summary judgment to Defendants on Plaintiff's claim based on § 1981.

**2. Section 1983**

Section 1983 offers no substantive legal rights, but rather provides procedural protections for federal rights granted elsewhere. Albright v. Oliver, 510 U.S. 266, 271 (1994). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). Further, "individual liability under § 1983 arises only upon a showing of personal participation by the defendant." Avalos v. Baca, 596 F.3d 583, 587 n.3 (9th Cir. 2010) (citation omitted).

When a conspiracy between a non-state actor and the State is alleged, "an agreement or 'meeting of the minds' to violate constitutional rights must be shown." Mendocino Envtl. Ctr., 192 F.3d at 1301 (quotation omitted). An equal protection claim requires a showing that the state actor treated classes of people differently based on their class without justification, "[t]he Equal Protection Clause ensures that all persons similarly situated should be treated alike." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944

(9th Cir. 2004) (quotation omitted).

Here, Plaintiff alleges that Defendants violated § 1983 by conspiring with the State of Nevada to deny Plaintiff his rights to due process and equal protection under the Fourteenth Amendment.  Defendants point out that Plaintiff has not presented any evidence supportive of a § 1983 claim.  Indeed, while Plaintiff asserts that Defendants acted in concert with the State of Nevada, Plaintiff does not provide any evidence in support of the existence of the conspiracy or indicate, other than offering conclusory statements, how Defendants personally participated in depriving Plaintiff of his constitutional rights.  Further, Plaintiff does not provide evidence indicating a "meeting of the minds" between state actors and private individuals necessary to allege a conspiracy.  Plaintiff, however, does claim that ex parte communications by Defendants caused Plaintiff to incur expense traveling to Reno to appear in a hearing in state court.  But Plaintiff has not provided any evidence supporting this claim.

Further, in regards to his due process claim, Plaintiff, by his own allegations, had both notice and opportunity to be heard with respect to the hearings allegedly fraudulently obtained by Defendants.  Therefore Plaintiff's due process rights were not violated.  In regards to his equal protection claim, Plaintiff did not provide evidence of an agreement between Defendants and state actors sufficient to create a genuine issue of material fact.  Further, Plaintiff does present evidence creating a genuine issue of material fact that Plaintiff was denied equal protection of the laws as compared to similarly situated persons.  Accordingly, the Court will grant summary judgment to Defendants on Plaintiff's § 1983 claim.

### 3. Section 1985(2)

The second portion of 42 U.S.C. § 1985(2) protects against private conspiracies aimed at obstructing justice in state courts based on discriminatory animus.  See Portman v. Cnty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993).  To maintain an action, the plaintiff

must prove (1) obstruction of justice (2) motivated by class based animus.  Id.

Here, Plaintiff asserts that the ALPS Defendants conspired with other Defendants to obstruct justice in the Nevada state court system.  Plaintiff further alleges that such obstruction was accomplished with discriminatory intent against the class of persons with disabilities, of which he is a member.  Defendants state that Plaintiff does not present any evidence of facts consistent with a § 1985(2) claim.  Indeed, Plaintiff fails to offer evidence of any facts sufficient to allege the existence of such a conspiratorial agreement or facts regarding the Defendants' discriminatory intent.  Because Plaintiff does not offer any evidence to support a claim under § 1985(2), the Court will grant Defendants summary judgment.

### 4. Section 1985(3)

A complaint based on § 1985(3) must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States.  42 U.S.C. § 1985 (2010); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005).  For the second element, it must be shown that the deprivation was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quotation and emphasis omitted).  Section 1985(3) extends beyond race only "when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights."  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quotation omitted).

In the present case, Defendants state that Plaintiff has not provided any evidence that is consistent with a claim under § 1985(3).  Plaintiff failed to provide evidence sufficient to raise a genuine issue of material fact regarding a conspiracy or an act in furtherance of a

conspiracy.  Even assuming that persons with disabilities are a class protected by § 1985(3), Plaintiff fails to provide evidence consistent with a deprivation of equal protection of the laws.  Therefore, the Court will grant Defendants summary judgment on Plaintiff's claim based on § 1985(3).

### 5.  Section 1986

Section 1986 provides for recovery by plaintiffs against individuals who have knowledge of a § 1985 conspiracy and refuse to prevent it when they have the power to do so.  Accordingly, a plaintiff will be successful under a § 1986 claim, "only if the complaint contains a valid claim under § 1985."  McCalden v. Cal. Library Ass'n, 955 F.2d 1214 (9th Cir. 1992).

Because Defendants were granted summary judgment on Plaintiff's claim under § 1985, Plaintiff cannot maintain an action under § 1986.  The Court, therefore, will grant summary judgment to Defendants on Plaintiff's § 1986 claim.

### 6.  Section 1988

Section 1988 allows for attorney's fees in connection with a successful claim under 42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 1986.  42 U.S.C. § 1988(b) (2010).  To claim fees under § 1988, a plaintiff must be successful on a claim under 42 U.S.C. § 1981 et seq.  See Porter v. Winter, 603 F.3d 1113, 1116 (9th Cir. 2010).

Because Defendants were granted summary judgment on Plaintiff's claims under § 1981, § 1983, § 1985, and § 1986, Plaintiff is not entitled to attorney's fees under § 1988. Accordingly, the Court will grant Defendants summary judgment on Plaintiff's § 1988 claim.

### C.  Count Four: Fraud

Under Nevada law, to establish a claim for fraud a Plaintiff must prove:

(1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance.

Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 957-58 (Nev. 1998).  A successful claim for aiding and abetting fraud must show that the defendant "knowingly and substantially assisted" in the course of conduct.  Dow Chem. Co. v. Mahlum, 970 P.2d 98, 113 (Nev. 1998).

In count four of his Complaint, Plaintiff asserts that the ALPS Defendants, to various degrees, themselves committed, or aided, abetted, assisted, and ratified a series of fraudulent acts committed by other Defendants to this action.  Specifically Plaintiff's Complaint alleges Defendant Bartlett, aided and abetted by the other Defendants, committed fraud by misrepresenting the purpose of an April 22, 2004 conference call with Nevada Judge Connie Steinheimer, and later by meeting ex parte with Judge Steinheimer on April 27, 2004.  Additionally, Plaintiff's Complaint alleges that Defendants Glogovac, Livingston, and Grundy committed fraud by making ex parte contact with Judge Steinheimer on November 10, 2005.  However, Plaintiff fails to provide any evidence necessary to raise a genuine issue of material fact with respect to fraud.  Plaintiff does not provide any evidence of a false representation made by any Defendants to Plaintiff.  Plaintiff presents no evidence Defendants knew of the falsity of the representation or intended to induce Plaintiff to act.  Additionally, Plaintiff has not provided evidence of his justifiable reliance on the alleged misrepresentations nor evidence regarding his damages.  The Court, therefore, will grant Defendants summary judgment on Plaintiff's claim for fraud.

### D.  Count Five: Defamation

To maintain a defamation claim in Nevada the plaintiff must show "'(1) a false and defamatory statement by [a] defendant concerning plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages.'"  Flowers v. Carville, 266 F. Supp. 2d 1245, 1251 (D. Nev. 2003) (quoting Pegasus v. Reno Newspapers, 57 P.3d 82, 90 (Nev. 2002)).  Determining whether a statement is defamatory "is a question of law for the court to decide."  Id.

In count five of his Complaint, Plaintiff asserts that Defendants made false, libelous, and defamatory statements about Plaintiff.  Plaintiff does not provide evidence of the alleged defamatory statements.  Therefore, the Court is unable to determine if they are defamatory.  Plaintiff also fails to specify which of the Defendants made any such statements, to whom, or how the statements were published.  Rather, Plaintiff's Complaint cites the legal elements of a defamation claim without providing evidence of facts sufficient to support such a claim.  Such conclusory statements, without evidence raising a genuine issue of material fact, are insufficient to survive a motion for summary judgment.  Accordingly, the Court will grant Defendants summary judgment on Plaintiff's defamation claim.

### E.  Count Six: Abuse of Process

In Nevada, a claim for abuse of process consists of "'(1) an ulterior purpose by the defendant[] other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'"  LaMantia v. Redisi, 38 P.3d 877, 879 (Nev. 2002) (quoting Posadas v. City of Reno, 851 P.2d 438, 444-45 (Nev. 1993)).

In count six of his Complaint, Plaintiff alleges the ALPS Defendants, along with other named Defendants, are liable for abuse of process.  Plaintiff does not provide evidence of Defendants' actions which allegedly constitute an abuse of process.  Plaintiff's Complaint merely states Defendants "abused the process" without indicating which of Defendants' actions give rise to such a claim.  Plaintiff does not provide any evidence of any conduct, which if true, would indicate a willful improper use of process with an ulterior purpose.  As such, Plaintiff fails to raise a genuine issue of material fact regarding his abuse of process claim.  Accordingly, the Court will grant Defendants summary judgment on Plaintiff's claim for relief based on abuse of process.

///

**F.  Count Seven: Violation of Federal RICO Statutes**

When bringing a claim for violation of Federal RICO statutes, a plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property."  Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (quotation omitted).

In his seventh claim for relief, Plaintiff asserts that the ALPS Defendants violated, and aided and abetted others in the violation of, federal RICO statutes.  Plaintiff does not provide evidence of Defendants' activities which allegedly violate federal RICO statutes.  Accordingly, the Court will grant Defendants summary judgment on Plaintiff's federal RICO claim.

**V.  CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Voluntary Dismissal (Doc. #233) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. #239) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (Doc. #249) is hereby DENIED.

///
///
///
///
///
///
///
///
///

1    IT IS FURTHER ORDERED that Judgment is hereby entered in favor of

2  Defendants ALPS Corporation; Attorneys Liability Protection Society, Inc.; David R. Grundy

3  (in his capacities as an individual and as a director of ALPS Corporation and Attorneys

4  Liability Protection Society, Inc.); Lemons, Grundy, & Eisenberg; Scott A. Glogovac;

5  Gregory J. Livingston; Burton, Bartlett & Glogovac; Estate of Phillip W. Bartlett; Ernest E.

6  Adler; Kilpatrick, Johnson & Adler; and Lorraine Fitch and against Plaintiff Allen Wisdom.

7

8  DATED: February 15, 2011

9

10

11                          PHILIP M. PRO
                            United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26